UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, | No. 2:19-cv-0448 MCE DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from the Sacramento County Superior Court on March 13, 2019. Now pending is plaintiff's motion to remand. (ECF No. 9.) For the reasons set forth below, the Court will recommend that the motion be denied.

**I.　Procedural Background**

　**A.　The First Action**

The procedural background of this case is somewhat convoluted. Plaintiff initiated suit on August 24, 2017, in the Sacramento County Superior Court. See ECF No. 1 Attach. In the complaint, plaintiff alleged that he was charged with institutional violations on two separate occasions, with each charge presented to him through the use of a printout from the Strategic Offender Management System ("SOMS") instead of through the issuance of a CDCR Form 115

(a Rules Violation Report ["RVR"]). Plaintiff claimed that the institution's use of the SOMS Disciplinary Module printout instead of the CDCR Form 115 violated his rights under California's Administrative Procedures Act, Cal. Gov. Code §§ 11340.1 *et seq.* He also claimed that the defendants were negligent and that they violated his due process rights when they failed to comply with institutional regulations at the hearings on the charges. Plaintiff did not identify the source of his due process claim—that is, whether it arose under the Fourteenth Amendment, the California constitution, or both.

Defendants construed plaintiff's allegations as asserting a Fourteenth Amendment due process claim arising under 42 U.S.C. § 1983. On that ground, they removed the case to this court on March 13, 2019, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 (the "First Action").

**B.      The Second Action**

Approximately one week after the First Action was removed, plaintiff initiated a second case directly in the Eastern District of California based on the same factual allegations.[1] Hill v. Kernan, 1:19-cv-0512-MCE-DB (the "Second Action"). There, plaintiff claimed that the defendants violated his Eighth Amendment rights because they acted with deliberate indifference to his mental health. He further claimed that the defendants violated his Fourteenth Amendment due process rights and they violated the federal version of the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq*. Plaintiff then filed an amended pleading asserting the same claims.[2] (ECF No. 6.)

On November 18, 2019, the undersigned screened the operative complaint, finding that it does not state a claim for relief. (ECF No. 12.) Plaintiff was directed to file a response to the Screening Order.

**C.      The Interaction of the First and Second Actions**

After the Second Action was filed, defendants filed a Notice of Related Case in both the First and Second Actions. As a result, the two cases were related and assigned to District Judge Morrison C. England, Jr., and the undersigned.

---

[1] The initiating document was titled "First Amended Complaint."
[2] This document was titled "Second Amended Complaint."

2

Defendants then filed a motion to dismiss the First Action—this case—as duplicative of the Second Action. (ECF No. 6.) Although plaintiff failed to oppose the motion, findings and recommendations issued on March 3, 2020, to deny the motion because the claims asserted in the two cases were in fact distinct. (ECF No. 10.) Plaintiff and the defendants objected to the findings and recommendations. (See ECF Nos. 11, 13.)

In addition, plaintiff filed a motion to remand in this case on the ground that his due process claim arises under California law, not federal law. (ECF No. 9.) He also declares that the Second Action was improperly opened by the Clerk's Office because the pleading used to open that case was intended by plaintiff to be a first amended complaint in *this* case. See Pl.'s Decl. in Supp. Mot. to Remand (ECF No. 9) ¶ 2. Defendants oppose the motion to remand. (ECF No. 12.)

On March 19, 2020, plaintiff filed a notice of voluntary dismissal in the Second Action.

## II. Discussion

A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiffs. 28 U.S.C. § 1441. The removing party bears the burden to establish that federal subject matter jurisdiction exists. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The right to remove a case to federal court is entirely a creature of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove a case originally filed in state court if it presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a), 1441(a)–(b). A case presents a "federal question" if a claim "aris[es] under the Constitution, laws, or treaties of the United States." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

Whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, where the plaintiff can state claims under both federal and state law, he

can prevent removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).

There is, however, an exception to the "well-pleaded complaint" rule. Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). If the claim arises under federal law, the federal court will re-characterize it and uphold removal. Id.

Defendants rely on the "artful pleading" doctrine to oppose plaintiff's motion to remand, arguing that "[p]laintiff cannot defeat Defendant's right to removal by re-characterizing what are clearly federal claims." Defs.' Opp'n at 3. Defendants are of course correct that a due process claim arising in the context of a prison disciplinary hearing may be brought under the Fourteenth Amendment. But it is also true that such a claim may arise under the California constitution wholly independent of the Fourteenth Amendment. See People v. Ramirez, 25 Cal.3d 260 (1979); see also Rutter Group, California Practice Guide: Administrative Law Ch. 3-I ("Although the California and federal Constitution Due Process Clauses have virtually identical language … , the case law interpreting and applying those two provisions is not at all equivalent.") "Procedural due process under the California Constitution is 'much more inclusive' and protects a broader range of interests than under the federal Constitution." Ryan v. California Interscholastic Federation - San Diego Section, 94 Cal. App. 4th 1048, 1061 (2001) (citations omitted). Therefore, a plaintiff's decision to rely solely on the state law due process claim does not necessarily implicate the "artful pleading" doctrine. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (Rev. 4th ed.)

Additionally, where a federal law does not completely preempt state law, a plaintiff's decision to proceed solely under state law does not mean that he has artfully pled against removal. See, e.g., Crump v. WorldCom, Inc., 128 F. Supp. 2d 549 (W.D. Tenn. 2001) (when a cause of action can be maintained under either state or federal law, absent complete preemption of those state-law claims, plaintiffs have not artfully pled simply because they chose to ignore the federal claims); Bellido-Sullivan v. American Intern. Group, Inc., 123 F. Supp. 2d 161 (S.D. N.Y. 2000)

(when plaintiff has a choice between pleading state and federal claims, the choice to plead only state claims is not artful pleading, absent complete preemption); Halfmann v. USAG Ins. Services, Inc., 118 F. Supp. 2d 714 (N.D. Tex. 2000).

But there is a wrinkle to the Court's analysis. In the "First Amended Complaint" that plaintiff declares he intended to file in this case but that was instead erroneously used to initiate the Second Action, plaintiff explicitly asserted a Fourteenth Amendment due process claim. Moreover, the operative pleading in the Second Action, which plaintiff labeled "Second Amended Complaint" because it was presumably also intended to be filed in this case, also asserts a Fourteenth Amendment due process claim. Plaintiff, of course, is "the master of his complaint" and may "avoid federal jurisdiction by relying exclusively on state law." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted). What he may not do, however, is to cloak or mislead about the source of a claim when it has become readily apparent that it arises, at least in part, under federal law.

### III. Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion to remand be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: April 10, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7
DB/Inbox/Priority/hill0448.remand