UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, | No. 2:19-cv-00448 MCE DB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SCOTT KERNAN, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 13, 2020, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

    This case stems from the defendants' charging of plaintiff with rules violations on two separate occasions, with each charge presented to him through the use of a printout from the Strategic Offender Management System ("SOMS") instead of through the issuance of a CDCR Form 115 (a Rules Violation Report ["RVR"]). In the original complaint in this case, plaintiff

claimed that the institution's use of the SOMS Disciplinary Module printout instead of the CDCR Form 115 violated his rights under California's Administrative Procedures Act, Cal. Gov. Code §§ 11340.1 *et seq.* He also claimed that the defendants were negligent and that they violated his "due process" rights when they failed to comply with institutional regulations at the hearings on the charges. Plaintiff did not identify the source of his due process claim—that is, whether it arose under the Fourteenth Amendment, the California constitution, or both.

Plaintiff originally filed his complaint in the Sacramento County Superior Court on August 24, 2017. See ECF No. 1 Attach. It was then removed to this court on March 13, 2019, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, because the defendants construed the due process claim as arising under the Fourteenth Amendment.

Approximately one week after removal, plaintiff filed a document titled "First Amended Complaint," which the Clerk of Court used to initiate a second case, Hill v. Kernan, 1:19-cv-0512-MCE-DB. Plaintiff asserts that this second case was erroneously opened and that the pleading should have been filed in this case. Regardless, in that pleading, plaintiff asserted the same factual allegations and accused the defendants of violating his Eighth Amendment rights because they acted with deliberate indifference to his mental health, violating his Fourteenth Amendment due process rights, and violating the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq*. Plaintiff has since voluntarily dismissed the second case.

Turning back to this case, plaintiff moved to remand to the Sacramento County Superior Court on the ground that his pleading does not state a federal cause of action. The magistrate judge recommended that plaintiff's motion be denied because, under the "artful pleading" doctrine, plaintiff could not defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). The magistrate judge reached this conclusion by relying on plaintiff's pleadings in Hill v. Kernan, 1:19-cv-0512-MCE-DB, in which plaintiff's due process claim was specifically noted as arising under the Fourteenth Amendment.

Plaintiff objects to the magistrate judge's conclusion that his due process claim arises under the Fourteenth Amendment. While the magistrate judge rightly relied on plaintiff's prior

incantation of the Fourteenth Amendment as the source of his due process claim to recommend the denial of his motion to remand, plaintiff has since filed an amended complaint that specifically omits any reference to the federal constitution. See ECF No. 18. Indeed, it omits any reference to the due process clause, and all remaining causes of action are based on state law.

Therefore, in the absence of a federal cause of action, **IT IS HEREBY ORDERED** that:

1. The Court **DECLINES** to adopt the April 13, 2020, findings and recommendations (ECF No. 16);
2. Plaintiff's motion to remand (ECF No. 9) is **GRANTED**;
3. This matter is **REMANDED** to the Sacramento County Superior Court; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 13, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE